# Exhibit A

Case 1:12-cv-01038-LPS   Document 1-1   Filed 08/15/12   Page 1 of 2 PageID #: 34

## AGREEMENT

THIS AGREEMENT, made in triplicate by and between New Castle County, a political subdivision of the STATE OF DELAWARE, hereinafter called "County", party of the first part, and Allan A. Myers, LP hereinafter called "Contractor", party of the second part.

In accordance with the mutual covenants and agreements set forth herein, both parties agree as follows: That for and in consideration of the payments and agreements hereinafter mentioned, the Contractor hereby agrees with the County to commence and complete the construction described as follows: Governor Printz Interceptors – Section I, Contract No. 2010-01, Bid #10-1012 for the sum of Fifteen Million Ninety Thousand and 00/100 Dollars ($15,090,000.00) and at his own proper cost and expense, to furnish all the materials, supplies, machinery, equipment, tools, superintendence, labor, insurance, and other accessories and services necessary to complete the said project in strict and entire conformity with the Plans and Specifications for and of said work, which Plans and Specifications are attached and / or now on file in the Department of Special Services at New Castle County, Delaware, and are hereby made a part of this agreement as fully as if they had been set forth at length herein (hereinafter "Agreement").

All materials shall be the best of their several kinds and qualities and all of said work and labor shall be done by skilled workmen in the best and most workmanlike manner, and all of said materials, work, and labor shall be subject to the inspection and approval of the General Manager of Special Services; and in case any of the said materials or work shall be rejected by the General Manager of Special Services as defective or unsuitable, then the said material shall be replaced with satisfactory materials and the said work shall be taken out and done anew to the satisfaction and approval of the General Manager of Special Services at the cost and expense of the Contractor.

The Contractor hereby agrees to commence work under this contract not later than ten days after receipt of a written "Notice to Proceed" from the County, and to achieve Conditional Acceptance within 425 calendar days for Section I – Alternate 3 (Part 1 plus Part 2 plus Part 3), from the day work actually started within the ten day period.

The County agrees to pay the Contractor for the performance of the contract in accordance with the conditions and prices stated in the proposal, subject to additions and deductions as provided for in the Standard Specifications for Construction, Article 10.09.

Contractor will promptly pay all and every person furnishing material or performing labor in and about such public improvements, all and every sum of money due said persons for all such labor and material after which said Contractor is liable. The Contractor, if required, shall deliver to the County a complete release of all liens arising out of this contract or receipts in full in lieu thereof and if required in either case, an affidavit that so far as he had knowledge or information, the releases and receipts include all the labor and material for which a lien could be filed.

If, after final payment, it should develop that any lien remains unsatisfied, Contractor shall discharge same out of his funds and indemnify and protect County against any loss, cost or other expense on account thereof.

Each obligation and right contained in this Agreement is subject to all present and future applicable laws, ordinances, rules, regulations and orders. Nothing contained in this Agreement shall be construed as permitting any action or condition prohibited by such applicable law, ordinances, rules, regulations and orders unless the County is specifically authorized to permit any such action or condition. If any provision of this Agreement shall be held invalid or unenforceable by any court of competent jurisdiction, such holding shall not invalidate or render unenforceable any other part hereof. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware.

No delay or omission by the County to exercise any right or power accruing upon any non compliance or failure or performance by any party of the provisions of this Agreement shall impair any such right or power or be construed to be a waiver thereof. A waiver by County of any of the covenants, conditions or agreements hereof to be performed by the other shall not be construed to be a waiver of any succeeding breach thereof or of any covenants, conditions or agreements herein contained.

This Agreement shall not be amended, modified, supplemented or altered in any respect except by a writing signed by both parties, or their respective heirs, successors or assigns. This Agreement constitutes the entire agreement between the parties, and any prior understanding or representation of any kind preceding the date of this Agreement shall not be binding on either party except to the extent incorporated in this Agreement in writing.

In the event of conflict between any of the provisions contained in this contract with any of the provisions contained in any of the parts of the Agreement, the provisions of this contract shall prevail.

The Agreement's effective date shall be the date of execution by the County Executive.

IN WITNESS WHEREOF, this Agreement is executed by the County Executive this the 7 day of Sept, 2010.

NEW CASTLE COUNTY

By _Christopher Coons_
County Executive

Witness: _[signature]_

IN WITNESS WHEREOF, this Agreement is executed by the Contractor this the 30 day of June, 2010.

Firm Name and Corporate Seal: Allan A. Myers, LP

By _Dale R. Wilson_
Signature of Principal and Title: Dale R. Wilson, President

Witness: Teresa Meyers, Asst. Secretary