# Exhibit V

*Rec'd 1:48pm cdc*



**PB Americas, Inc.**
8103 Governor Printz Blvd.
Claymont, DE 19703
Tel.302-791-7773
Fax302- 791-7793

July 10, 2012

Mr. Carmen Cipriano
Allan A. Myers, LP
8103 Governor Printz Blvd
Claymont, DE  19703

RE:   Governor Printz Interceptor Project - Section I
      Contract No. 2010-01, Project No. 220612
      TRN 0174 Instrumentation Supplement to TRN 0121 – Station 209+75 to 212+75

Dear Mr. Cipriano:

This letter is in response to your June 22, 2012 letter and the revised "Deep Settlement Marker" detail received on June 25, 2012.  The settlement marker detail (revised cdc 6-25-12) is acceptable, provided that the plate bearing at the invert elevation of the gas line is founded below the leading edge of the casing, so as to be free to move independently of the casing and any soil plug formation therein (refer to Annotated Figure 2 attached).  Given that settlement monitoring points are normally anchored in the ground (driven, spiral foot, concrete, etc.), PB questions whether the free-floating rod detail as proposed by AAM is an improvement over the fixed concrete encased monitoring point detail in the previously accepted submittal TRN 0121.  However, in an effort to compromise and move the project forward, PB will accept the revised re-submittal subject to above and the comments provided in its June 14, 2012 response to AAM (the "June 14 Response").

With regard to AAM's allegations of PB "directives" and/or "mandates," PB denies and disputes all such characterizations by AAM.  PB maintains its position on contractual rights as detailed in the June 14 Response.  Throughout the Governor Printz Interceptor Project – Section I (the "Project"), PB has consistently directed AAM to conform to the project specifications. As outlined in the June 14 Response, monitoring requirements specified in the contract documents are simply stated as minimum requirements and are subject to AAM's overarching duty to protect surrounding utilities during its work on the Project.  Monitoring in excess of the minimum specified requirements has been a direct result of AAM's failure to meet the minimum specified performance criteria for the original excavation plan (TRN 0118) and the subsequent contingency plan (TRN 0171) in accordance with the accepted instrumentation monitoring plans. Operations under AAM's chosen means and methods have consistently demonstrated a failure to prevent movement of the soil that may cause damage to adjacent utilities, as specifically required by Section 02660 §1.04 C. of the specifications.

After AAM's original monitoring program documented excessive soil movements resulting from its chosen means and methods, AAM chose to dispute the requirements rather than promptly provide a remediation plan as required by the specifications. Contrary to AAM's assertion, Section 2140 in no way limits monitoring to within 5 feet of the sewer alignment.  Under the contract, it remains AAM's responsibility to develop an instrumentation plan and implement means and methods for the Project that "maintain stability of the excavation and [ ] prevent movement of soil that may cause damage to adjacent shoring systems, structures and utilities, damage or delay the work, or endanger life and health." Section 02660 §1.04 C.

We look forward to the results of the contingency plan under TRN 0174 (the "Test"). After a record of performance is established for the Test, AAM will be expected to explain negative results, if any, to PB and New Castle County (the "County") and revise its means and methods accordingly.  As stated in the June 14 Response, meeting the performance criteria under the provisions of TRN 0171 and TRN 0174 (the supplement to TRN 0121) does not constitute precedent for reverting back to the means and methods under TRN 0118, which have already demonstrated excessive soil movement.

This correspondence, the June 14 Response and PB's acceptance of the Test are being offered in an effort to compromise and in no way prejudice any rights, claims, causes of action, defenses and/or litigation positions of the County with regard to this matter and/or related to the Project.  The County reserves all claims, defenses and rights arising from and/or related to the Project.

As PB has consistently maintained, time is of the essence with regard to the Project and AAM will continue to be billed for its delay.  We expect AAM to begin implementing the Test upon receipt of this correspondence and perform the Test within at least two weeks of the date of this letter.  Again, we look forward to the results of the Test and moving forward with the Project.  If you have any questions concerning this letter, please contact me immediately to discuss.  Thank you.

Sincerely,

Robby McDonald,
Field Engineer
PB Americas, Inc.

*For Robby McDonald by John F Johnson*

cc: J. Husband (NCC), E. Kuipers (NCC), D. Clark (NCC), T. Surles (NCC), M. A. Dougherty, Rich Dungan, (AAM),
     PB Office File



ELEVATION

SECTION A-A'

DETAIL A

FIGURE 2

EARTH ENGINEERING INCORPORATED
Geotechnical Engineers & Geologists

115 W. Germantown Pike
East Norriton, PA 19401
(610)277-0880
FAX (610)277-0878
www.earthengineering.com

DEEP SETTLEMENT MARKER
PREPARED FOR
GOVERNOR PRINTZ INTECEPTORS
NEW CASTLE COUNTY  DELAWARE

| Scale: N.T.S. | Date: 5/30/2012 | Drawn By: MK | Checked By: JAM |
| Drawing Number: 2460B.00-A-102 | | Approved By: JAM | Sheet No. 2 OF 2 |

6-25-2012

RECEIVED JUN 2 5 2012



**ALLAN A. MYERS**
A COMPANY OF
American Infrastructure

1805 Berks Road – Worcester, PA 19490

June 22, 2012

Parsons Brinckerhoff                                    AI Letter:  COM0060
100 South Charles Street                                AI Job 1020034
Baltimore, MD 21201
Attention:  Robby McDonald

RE: Governor Printz Interceptors – Section 1
    Contract No. 2010-01, Project 220612

Subject:  Gas Line Monitoring, Test Section
          Supplement to TRN 0121
          Response to PB 6/14/12 Comments

Dear Robby,

Attached herein is AAM re-submittal of the Instrumentation Supplement to TRN 0121 and our responses to PB June 14, 2012 review comments:

1.  <u>Contractual Rights.</u> AAM disagrees and disputes all of PB's statements in regards to Contractual Rights. The instrumentation monitoring being proposed by AAM is a direct result of PB's non-contractual Instrumentation directives that began at the May 13, 2011 Project Meeting where we were advised to monitor the earth in a manner outside the requirements of the Contract. Project Specification 2140 does not require monitoring of the gas lines or supporting dirt since they are greater then 5 feet from the sewer alignment. Any inference that AAM is proposing additional monitoring on our own accord and independent of PB's mandates is in error.  AAM has provided the Owner and PB Notice of our Claim in regards to this issue. This supplemental instrumentation submittal follows discussions from the May 16, 2012 County meeting and PB's directive to provide a remediation plan in their April 13th, 19th and May 9, 2012 letters to AAM.  These letters followed the April 11, 2012 Project Shutdown required by PB based on Alert Criteria which we have Disputed and provided Notice of Claim to NCC and PB.

2.  <u>Direct monitoring of Gas Lines.</u> AAM will coordinate the direct monitoring of the gas lines with Linde LLC.

3.  <u>Revised Ground Monitoring Detail.</u> The detail to monitor for loss of utility ground support (Figure 2) has been modified based on the comments from PB.  A revised Figure 2 is attached.  The bottom of the monitoring point will bear at the invert level of the adjacent uppermost gas line.

4.  <u>Alert Levels.</u> AAM will stop work if the Level 2 Alert is reached at either the ground or gas line monitor as mandated by PB.

5.  <u>Frequency of Monitoring.</u> The work being performed by AAM per Transmittal No 0174 and revised herein is for a Test Section to evaluate the potential construction related effects on the existing gas line.  Hourly readings will be performed as required by PB.

However, if this Test Section approach indicates that the new twin sewer can be installed while maintaining the settlement of the existing gas lines or dirt within the Level 2 Alert directed by PB, AAM proposes to perform less frequent readings on the settlement monitoring points and will take readings in the morning, mid-day, and end of shift.  Increased monitoring will be performed as needed should a pattern of movement occur or as directed by the Engineer for circumstances requiring increased monitoring such as movements approaching the Level 2 Alert.

6.  & 7.  <u>Anticipated revision of Means and Methods from 212+00 to 219+00 Specified Requirements relative to Successful Installation.</u>

Presently, AAM has approximately 150 LF of sheeting installed.  For the proposed Test Section it is AAM's intention to the install the pipe in the first 150 LF using the trench box as bracing as specified in TRN 0171 (sheet piles and trench box).  This will be performed while monitoring in accordance with TRN 0174 (dirt and pipe monitoring) and as revised herein.  After the pipe is installed and backfilled, the 150 LF of sheeting will be removed and hourly monitoring will be performed during this operation.  Next, pipe installation will proceed in the next 100 foot Test Section in accordance with TRN 0118 (trench box and plates) all awhile performing hourly dirt and pipe monitoring in accordance with TRN 0174 and this submittal.  Once completed, we can better evaluate which method is acceptable to PB's  Alert criteria that we have been directed to follow.

In closing, please provide an expedited review of this proposed re-submittal and our proposed Test Section work sequence.  If there are any questions, please contact me at 443-506-3451 so we can minimize the turn around time for review and mitigate any further delays.

AAM's previous Notice of Claim in regards to the flush mount markers, project shutdowns, delays and cost impacts remain as outlined in our previous correspondence. Nothing contained herein should be construed to change our position on these issues and AAM hereby reserves all of its rights and claims, in law and equity, under the Prime Contract associated with, arising from or related to any factor or circumstance giving rise to the preparation of this submittal.

Sincerely,

Carmen D. Cipriano
Senior Project Manager

Attachment:  Deep Settlement Marker, Figure 2, by Earth Engineering Incorporated

Cc:  Richard W. Dungan , Al Maryland VP/GM
     George E.Pallas Esq , Cohen Seglias Pallas Greenhall & Furman PC

#1651447-v1 51430-0002



TOP OF EXISTING GROUND SURFACE

SURFACE ROADWAY BOX WITH LID

6" TO 9"

CEMENT GROUT
OUTER WOODEN BOX
FILTER SAND
STEEL PLATE

6" TO 9"
PVC COUPLING

A                A'

1.5" I.D. PVC PIPE
1.25" O.D. CENTRAL ROD
4" I.D. PVC PIPE

6" TO 9"

6" DIAMETER GAS PIPE

DETAIL A

ELEVATION

STEEL PLATE

8"

PVC COUPLING
1.5" I.D. PVC
4" I.D. PVC

1.5" I.D. PVC

8"

NUT OR WELD PLATE TO CENTRAL ROD

2.06" D. HOLE
1.25" CENTRAL ROD

3.5" DIA. STEEL PLATE, 0.25" THICK

SECTION A—A'

DETAIL A

FIGURE 2

DEEP SETTLEMENT MARKER
PREPARED FOR
GOVERNOR PRINTZ INTECEPTORS
NEW CASTLE COUNTY  DELAWARE

EARTH
ENGINEERING
INCORPORATED
Geotechnical Engineers & Geologists

115 W. Germantown Pike
East Norriton, PA 19401
(610)277-0880
FAX (610)277-0878
www.earthengineering.com

| Scale: N.T.S. | Date: 5/30/2012 | Drawn By: MK | Checked By: JAM |
|---|---|---|---|
| Drawing Number: 24608.00—A—102 | | Approved By: JAM | Sheet No. 2 OF 2 |



*Transmittal*

**Parsons**
**Brinckerhoff**

Tower 1, 10th Floor
100 S. Charles Street
Baltimore, MD 21201-2727
(410) 727-5050
Fax: (410) 727-4608

**To:** Carmen Cipriano
Allan A. Myers, L.P.
8103 Governor Printz Blvd
Claymont, DE  19703

**From:** Robert W. O'Connor, P.E.
**Date:** 06/14/12

**Re:** Gov. Printz Interceptors – Sect. I
Submittal Transmittal No. TRN0174
Instrumentation Supplement

**Station 209+75 to 212+75**

| via: | for your: | the following: | | |
|---|---|---|---|---|
| ☐ mail | ☐ information/use | ■ shop drawings | ☐ change order | ☐ specifications |
| ☐ messenger | ☐ approval | ☐ copy of letter | ☐ plans | ☐ other |
| ■ overnight | ■ review/comment | ☐ prints | ☐ samples | |

| Description | copies | date |
|---|---|---|
| Submittal review comments | 2 paper | |

**If enclosures are not included, kindly notify us at once**

**Comments**

Subject submittal TRN0174 is herewith being returned for revision. See specific review comments on the attachment, as follows.

**Signature:** Robert W. O'Connor
Robert W. O'Connor, P.E., Senior Supervising Engineer

**Copies to:**
Ed Kuipers, P.E., Assistant County Engineer, NCC
Robby McDonald, Field Engineer, PB
PB Office File (paper copy)

| SUBMITTAL REVIEW |
| --- |
| Review is only for general conformity to the contract drawings and specifications and shall not relieve the contractor of his entire responsibility under the contract, including among other things, dimensions to be conformed and correlated at the job site, and information that pertains to the fabrication processes or to techniques of construction. |

☐ NO EXCEPTIONS TAKEN
☐ MAKE CORRECTIONS NOTED
   RESUBMITTAL NOT REQUIRED
☒ AMEND AND RESUBMIT
☐ REJECTED – SEE MARKS

**PB AMERICAS, INC.**

BY: _Rocco W. Ocon_
DATE: _JUNE 14, 2012_



PB REVIEW COMMENTS

*Governor Printz Interceptors – Section 1 Project*

Allan A. Myers Transmittal No. 0174

**INSTRUMENTATION SUPPLEMENT TO TRN 0121**

**(Station 209+75 to Station 212+75)**

1. **CONTRACTUAL RIGHTS** -- Monitoring requirements specified in the contract documents are simply stated as minimum requirements. From the beginning, the contractor has been free to install additional monitoring relative to the risks associated with the chosen means and methods of construction. Any proposed monitoring that is to be installed on existing utilities should be directly coordinated with the associated **utility owner**, which remains the contractor's responsibility. AAM's rights with regard to the installation of instrumentation are the same as they have always been and NCC's acceptance of a supplemental proposed plan of instrumentation does not constitute acceptance of additional associated costs. NO RESPONSE REQUIRED.

2. **DIRECT MONITORING OF GAS LINES** -- AAM's plan detail to directly monitor the utility pipe closest to the excavation (figure 1) is acceptable, pending AAM's coordination with the governing utility company – in this case Linde LLC. NO RESPONSE REQUIRED.

3. **REVISED GROUND MONITORING DETAIL** -- AAM's revised plan detail to monitor for the loss of utility ground support (figure 2) is generally acceptable, except as noted.  **Ground** monitoring points, currently and as proposed, are located between the two six-inch gas lines to provide the Contractor the maximum benefit of separation between the trench excavation and the potentially effected utilities. This was a previously agreed upon arrangement based upon the monitoring points being fixed in concrete at the approximate invert elevation of the uppermost pipe. The revised detail indicates the deep settlement markers will be driven into the soil, 9 to 12 inches below the invert level. Driven steel rod monitor points are acceptable, but they are typical fixed at a depth deeper than a 9-inch minimum – refer to ±3-foot driven depth on figure 12.10 of "Geotechnical Instrumentation for Monitoring Field Performance" by John Dunnicliff (1993). Regardless of whether the monitoring points are driven or concreted in-place, the level of monitoring should be fixed no deeper than the invert of the uppermost pipe, as previously accepted, so that the monitoring point does not develop support below the trench excavation's potential zone of influence upon the utilities. In addition, shouldn't the central rod be showing a "stick-up" above the 1.5" I.D. casing? Please revise detail as appropriate.

| SUBMITTAL REVIEW |
| --- |
| Review is only for general conformity to the contract drawings and specifications and shall not relieve the contractor of his entire responsibility under the contract, including among other things, dimensions to be conformed and correlated at the job site, and information that pertains to the fabrication processes or to techniques of construction. |

☐ NO EXCEPTIONS TAKEN
☐ MAKE CORRECTIONS NOTED
    RESUBMITTAL NOT REQUIRED
☒ AMEND AND RESUBMIT
☐ REJECTED – SEE MARKS

**PB AMERICAS, INC.**

BY: _Roman W. Ocum_

DATE: _JUNE 14, 2012_

# PARSONS
# BRINCKERHOFF

4.   **ALERT LEVELS** – We concur with the stated intent to stop work upon reaching the Level 2 alert on either of the two different types of monitoring devices. However, we cannot abide by the proposed revision of performance requirements forming the basis of AAM's contractual obligations and constituting the sole reason for the current work stoppage. Specifically, the elimination of ground monitoring will not be a resultant outcome of future determinations of "no detrimental conditions" by Haley & Aldrich, which would be impossible to ascertain with any degree of certainty based upon "selectively and carefully excavating the earth adjacent to a monitoring device for inspection." NO RESPONSE REQUIRED.

5.   **FREQUENCY OF MONITORING** – The Earth Engineering, Inc. attachment letter recommends monitoring three times a day. In view of the events leading up to this most recent work stoppage, the general provisions of the conditionally accepted contingency plan, which includes hourly monitoring during active adjacent excavation operations, should remain in effect up to Station 112+00 as a condition for establishing the effectiveness of the revised plan (TRN 0171) prior to continued excavation northward to 219+00. NO RESPONSE REQUIRED.

6.   **ANTICIPATED REVISION OF MEANS AND METHODS FROM 212+00 TO 219+00** -- Provided there is no subsidence exceeding the Level 2 alert threshold during excavation within the subject station range, AAM will have effectively proven the ability to meet performance standards under the provisional requirements of the revised excavation and dewatering plan (TRN 0171), notwithstanding the measured increment of abrupt subsidence that was observed subsequent to the sheeting installation, but prior to excavation, for which the causes have not been determined. AAM is reminded that successfully meeting the contract requirements under the provisions of TRN 0171 and this supplement to instrumentation plan TRN 0121, does not constitute precedent for reverting back to the means and methods under TRN 0118, which have been erroneously referred to in this submittal as "successful", the historical context of which is further discussed in comment 7. Concepts related to the definition of success aside, AAM concerns relative to the effects of sheeting installation and extraction are nonetheless valid, and, as they relate to the attenuation of vibrations, the means and methods of installation may require further evaluation by the contractor's engineering representative prior to proceeding north of 212+00. NO RESPONSE REQUIRED.

7.   **SPECIFIED REQUIREMENTS RELATIVE TO SUCCESSFUL INSTALLATION** -- The concluding remarks within the AAM cover letter for this submittal revolve around a revisionist theme related to the "success" of previous methodologies for the first 1000 LF of twin sewer installation. The twin lines start at about Station 203+50, which is where the installation operations had advanced to by August 2011. This is the same month during which the first monitoring point readings were belatedly obtained due to AAM's intentional delay associated with the installation of required

**SUBMITTAL REVIEW**

Review is only for general conformity to the contract drawings and specifications and shall not relieve the contractor of his entire responsibility under the contract, including among other things, dimensions to be conformed and correlated at the job site, and information that pertains to the fabrication processes or to techniques of construction.

☐ NO EXCEPTIONS TAKEN
☐ MAKE CORRECTIONS NOTED
☐ RESUBMITTAL NOT REQUIRED
☒ AMEND AND RESUBMIT
☐ REJECTED – SEE MARKS

**PB AMERICAS, INC.**

BY: _Ralph W. Ocone_
DATE: _JUNE 14, 2012_

**PARSONS
BRINCKERHOFF**

minimum instrumentation. Operations were initially shut down at Station 210+00 (about 650 LF up-station of that point, not 1000 LF) following a consistent failure to meet the specified performance criteria. From an early date, instrumentation was not necessary to observe this failure, which was visually apparent on the basis of tension cracks at the ground surface and the development of subsidence gaps between the pavement section and the supporting subgrade. The instrumentation plan (TRN 0121) was developed in recognition of the deficiencies of the excavation plan to protect the adjacent utilities from significant risk, primarily due to the interruption of continuous earth support necessary to move the trench box forward under the chosen construction method. From the beginning, the excavation plan acceptance was predicated upon meeting performance requirements, which have consistently been violated. Settlements averaging over a half foot within the first 500 feet of twin sewer installation, followed by withheld monitoring records, claims that the monitoring points were hit by construction traffic, claims that the monitoring points were too close to the excavation, and so on, were finally met with a November 10, 2011 work stoppage. Conditional acceptance of a revised excavation plan (TRN 0171) eventually followed the November work stoppage. However, the resumption of work was only after a reluctant acknowledgement that the trench box methodology could not be supported by standard engineering practice procedures, as required by the project specifications. In the meeting of May 16 with your legal counsel's engineering consultant, Haley & Aldrich, it was further acknowledged that regardless of the separation between monitoring points and the trench excavation, settlements that are on the order of 10 times the one half inch Level 2 alert have little to do with the magnitude of deflections normally associated with developing active earth pressures, but are rather a manifestation of what occurs in the absence of positive earth support. Given that the removal of earth support is fundamental to implementing the means and methods chosen by AAM, which are notably not in conformance with accepted engineering practice standards, NCC remains under no obligation to accept _any_ of the excavation support plans rendered to-date. Conditional acceptance of AAM's plans continues to carry with it, as it always has, the obligation to conform with the specified alert levels for surface settlement, regardless of how the Contractor chooses to rename the monitoring points, e.g., flush mount deep settlement markers (TRN 0121), deep settlement markers (TRN 0174), etc. In the absence of continuous positive excavation support, a 20-foot deep trench excavation, which is below the groundwater table and immediately adjacent to three active gas lines, poses an unacceptable risk upon adjacent property interests and human health and welfare. The specifications for this project were developed with the intent to separate the pipe line installation from any prospective contractor's planned reliance upon unmerited good fortune at the expense of prudent practice. Those were the standards by which all of the competing contractors were to prepare bids for this project and will remain the standards for "successful" completion of the work. NO RESPONSE REQUIRED.

| SUBMITTAL REVIEW |
| --- |
| Review is only for general conformity to the contract drawings and specifications and shall not relieve the contractor of his entire responsibility under the contract, including among other things, dimensions to be conformed and correlated at the job site, and information that pertains to the fabrication processes or to techniques of construction. |

☐ NO EXCEPTIONS TAKEN
☐ MAKE CORRECTIONS NOTED
   RESUBMITTAL NOT REQUIRED
☒ AMEND AND RESUBMIT
☐ REJECTED – SEE MARKS

**PB AMERICAS, INC.**

BY: _Ronno W. Ocuns_
DATE: _JUNE 14, 2012_



**Allan A. Myers, LP**
1805 Berks Road
Worcester PA 19490

# TRANSMITTAL

No. TRN0174

**PROJECT:** Governor Printz Interceptors - Section 1

**DATE:** 05/31/2012

**TO:** Parsons Brinckerhoff
100 South Charles Street Tower 1, 10th
Floor
Baltimore MD 21201
USA

**RE:** Instrumentation Submittal, Supplement to TRN 0121

**ATTN:** Robby McDonald

**JOB:** 1020034

| WE ARE SENDING: | SUBMITTED FOR: | ACTION TAKEN: |
|---|---|---|
| ☐ Shop Drawings | ☑ Approval | ☐ Approved as Submitted |
| ☐ Letter | ☐ Your Use | ☐ Approved as Noted |
| ☐ Prints | ☐ As Requested | ☐ Returned After Loan |
| ☐ Change Order | ☐ Review and Comment | ☐ Resubmit |
| ☐ Plans | | ☐ Submit |
| ☐ Samples | SENT VIA: | ☐ Returned |
| ☐ Specifications | ☐ Attached   ☐ Separate Cover | ☐ Returned for Corrections |
| ☐ Other: | | ☑ Due Date: 06/21/2012 |
| | | ☐ Other: |

| Line | Item | Package | Code | Rev. | Qty | Date | Description | Status |
|---|---|---|---|---|---|---|---|---|
| 1 | Pages: 7 | | | 1 | | 05/31/2012 | Supplement to TRN 0121 | New |

**REMARKS:** Please see the attached supplement to TRN 0121.  AAM requests that you expedite the review process of this submittal and if any information or questions arise, please contact us immediately so the resubmittal process can be avoided.  We request the review process be completed within 1 week or receipt.

**CC:**

Signed: _____
Michael Elia

RECEIVED MAY 3 1 2012

| SUBMITTAL REVIEW |
| --- |
| Review is only for general conformity to the contract drawings and specifications and shall not relieve the contractor of his entire responsibility under the contract, including among other things, dimensions to be conformed and correlated at the job site, and information that pertains to the fabrication processes or to techniques of construction. |

☐ NO EXCEPTIONS TAKEN
☐ MAKE CORRECTIONS NOTED
  RESUBMITTAL NOT REQUIRED
☒ AMEND AND RESUBMIT
☐ REJECTED – SEE MARKS

**PB AMERICAS, INC.**

BY: _Roww W. Ocum_
DATE: _JUNE 14, 2012_



## ALLAN A. MYERS
### American Infrastructure

1805 Berks Road — Worcester, PA 19490

May 31, 2012

Parsons Brinckerhoff                                    AI Letter:  COM0057
100 South Charles Street                                AI Job 1020034
Baltimore, MD 21201
Attention:  Robby McDonald

RE: Governor Printz Interceptors — Section 1
     Contract No. 2010-01, Project 220612

Subject:  Gas Line Monitoring, Test Section
              Supplement to TRN 0121

Dear Robby,

Attached for your review and approval is AAM's Supplemental Test Area Gas Line Instrumentation monitoring submittal prepared by our engineer Earth Engineering Inc. This Test Area submittal provides for additional monitoring and is the result of discussions held at the May 16, 2012 meeting attended by AAM, NCC, Parsons, Haley & Aldrich and Legal Council for NCC and AAM.   Please be advised that this submittal is being provided with a full reservation of all rights and is intended to supplement previously approved submittal TRN 0121 for the Geotechnical Instrumentation Plans.  Nothing contained in the submittal should be construed as an admission on the part of AAM that additional instrumentation monitoring is required by the contract documents.

The instrumentation monitoring set forth in the enclosed submittal provides additional measures to be implemented for gas line monitoring that is not specified or included in the Contract. In preparing this submittal, we've followed the recommendation of Haley & Aldridge, an independent third party engineering firm well respected in the field of Geotechnical Engineering. Haley & Aldridge worked together with Earth Engineering, Inc. to develop the enclosed submittal to address the specific concerns raised by the Owner team at the May 16 meeting.

The enclosed monitoring procedure is AAM's good faith effort to provide a means to re-start the project and mitigate any further project delays. The proposed method includes direct and indirect gas line monitoring within a specific project area by taking elevation readings of the actually gas line, and the adjacent dirt during the course of construction.  Although not required in the contract documents and with full reservation of all rights, AAM will abide by the maximum ½" Alert Threshold mandated by Parsons (but disputed by AAM) and will cease work if this threshold is reached on *either* of the two monitoring devices until such time that  less conservative criteria is provided by Parsons. If a Level 2 threshold is reached, AAM will selectively and carefully excavate the earth adjacent to the monitoring device for inspection and evaluation by Haley & Aldridge and a recommended determination will be made based on their finding.  In the case where this occurs and the resultant excavation and inspection find no detrimental conditions, AAM will provide future direct monitoring of the gas lines only and eliminate the additional dirt monitoring devises.

ALLAN A. MYERS
GOV.PRINTZ INTERCEPTOR
CONTRACT 2010-01
REFERENCED SPEC. 02140
REVIEWED BY. *CDC*
*Supplement To TRN 121*

RECEIVED MAY 3 1 2012

| SUBMITTAL REVIEW |
|---|
| Review is only for general conformity to the contract drawings and specifications and shall not relieve the contractor of his entire responsibility under the contract, including among other things, dimensions to be conformed and correlated at the job site, and information that pertains to the fabrication processes or to techniques of construction. |

☐ NO EXCEPTIONS TAKEN
☐ MAKE CORRECTIONS NOTED
   RESUBMITTAL NOT REQUIRED
☒ AMEND AND RESUBMIT
☐ REJECTED -- SEE MARKS

**PB AMERICAS, INC.**

BY: ~~Raww̄oW.oams~~

DATE: JUNE 14, 2012

AAM intends to install the proposed monitoring devices at the locations specified in the attached submittal.  Provided there is no subsidence exceeding the ½" Alert Thresholds while working adjacent to the previously installed sheet piles, AAM will continue pipe installation using the approved TRN0118 Excavation Plan which described the use of trench boxes and plates.  As you are aware, AAM successfully utilized this installation methodology for 1000 LF of twin sewer installation.  As expressed by the AAM team at the May 16 meeting, there is concern that installing and extracting sheeting will have a greater negative impact on the gas lines then using the trench box and plate means and methods of construction. This concern coupled with Haley's findings that the flush mounted markers placed within 2 to 3 feet of the edge of the excavation are not monitoring pipe movement but rather soil movement within the active soil wedge support our desire to use our previously approved and successful method of construction.

As stated at the May 16 meeting, AAM contends that the readings provided by the flush mounted markers in the active soil wedge created unjustified concerns, red flags, and costly project slow downs all of which were initiated by PB.   As you are aware, AAM advised Parson's of this same fact on October 24, 2011 prior to the November 2011 Project Shutdown directed by Parsons.   The findings of Haley & Aldridge has confirmed AAM's assessment.

AAM requests Parson to provide an expedited review of this submittal and if any additional information or questions arise please contact us immediately so the time consuming re-submittal process can be avoided.  We request the review process be completed within 1 week of receipt to minimize delays to the project.

AAM's previous Notice of Claim in regards to the flush mount markers, project shutdowns, delays and cost impacts remain as outlined in our previous correspondence. Nothing contained herein should be construed to change our position on these issues and AAM hereby reserves all of its rights and claims, in law and equity, under the Prime Contract associated with, arising from or related to any factor or circumstance giving rise to the preparation of this submittal.

Sincerely,

*Carmen D Cipriano*

Carmen D. Cipriano
Senior Project Manager

Cc: Richard W. Dungan , AI Maryland VP/GM
    George E.Pallas Esq , Cohen Seglias Pallias Greenhall & Furman PC

ALLAN A. MYERS
GOV.PRINTZ INTERCEPTOR
CONTRACT 2010-01
REFERENCED SPEC. 02140
REVIEWED BY. *CDC*
*Supplement to TRN121*

#1651447-v1 51430-0002

RECEIVED MAY 31 2012

| SUBMITTAL REVIEW |
| --- |
| Review is only for general conformity to the contract drawings and specifications and shall not relieve the contractor of his entire responsibility under the contract, including among other things, dimensions to be conformed and correlated at the job site, and information that pertains to the fabrication processes or to techniques of construction. |
| ☐ NO EXCEPTIONS TAKEN<br>☐ MAKE CORRECTIONS NOTED<br>  RESUBMITTAL NOT REQUIRED<br>☒ AMEND AND RESUBMIT<br>☐ REJECTED – SEE MARKS |
| **PB AMERICAS, INC.**<br><br>BY: _Rocco W. Ocums_<br>DATE: _JUNE 14, 2012_ |



**EARTH ENGINEERING INCORPORATED**
*Geotechnical Engineers & Geologists*

ALLAN A MYERS
GOV PRINTZ INTERCEPTOR
CONTRACT 2010-01
REFERENCED SPEC. 02140
REVIEWED BY. *CDC*
*Supplement To TRN 121*

May 31, 2012
EEI Project No. 24608.00

Mr. Carmen Cipriano
Allen A Myers, Inc.
8103 Governor Printz Boulevard
Claymont, DE  19703

Re: Supplemental  Instrumentation  &
Monitoring for Gas Lines
Governor Printz Interceptors
New Castle County, DE

Dear Mr. Cipriano:

As requested by Allan A. Myers, Inc. (AAM), Earth Engineering Incorporated (EEI) has prepared this Supplement to the Instrumentation and Monitoring Plan for the Governor Printz Interceptors project in New Castle County, DE.  This submittal is intended to supplement the previously approved submittal TRN 0121, and incorporates recommendations provided by Haley & Aldridge, an independent third party engineering firm.

The Work was suspended on April 11, 2012 due to the $\frac{1}{2}$in alert threshold being exceeding on flush-mounted settlement markers 210+50A and 211+50A. It is believed by AAM, EEI and by the independent third party engineering firm that a new series of monitoring points should be installed to obtain more accurate data to ascertain impacts, if any, that the excavation activities are having on the settlement or lateral displacement of the gas lines.  Accordingly, this supplement was developed to provide direct and indirect monitoring of the gas lines during the Work.  EEI recognizes that these proposed changes are over and above the specification requirements and are provided in an effort to advance the project.

<u>Instrumentation</u>

To permit resumption of the Work, direct and indirect monitoring of the gas lines is proposed. A pair of utility monitoring points will be installed initially at 50ft intervals beginning at Station 209+75 through Station 212+75.  Figure 1 shows the utility monitoring point that will be installed directly over the gas pipe closest to the excavation.  This monitoring point will be installed using vacuum excavation.  A revised deep settlement marker is shown on Figure 2, which will be installed between the two 6in diameter gas lines in close proximity to the monitor over the gas line. The purpose of the two instruments is to allow monitoring of both the gas pipes and the soil supporting the gas pipes separately.

EEI recommends that the baseline elevations of the utility monitoring points be established using the average elevation of three separate surveys.  Daily monitoring should be performed three times a

*Corporate Headquarters*
115 W Germantown Pike, Suite 200
East Norriton, PA 19401
(610) 277-0880 FAX 277-0878
eei@earthengineering.com

*Southern New Jersey*
403 Commerce Lane
West Berlin, NJ 08091
(856) 768-1001 FAX 768-1144

*Central Pennsylvania*
5010 Ritter Road, Suite 116
Mechanicsburg, PA 17055
(717) 697-5701 FAX 697-5702
www.earthengineering.com

*Lehigh Valley*
149 Main Street
Emmaus, PA 18049.
(610) 967-4540 FAX 967-4485

RECEIVED MAY 3 1 2012

| SUBMITTAL REVIEW |
| --- |
| Review is only for general conformity to the contract drawings and specifications and shall not relieve the contractor of his entire responsibility under the contract, including among other things, dimensions to be conformed and correlated at the job site, and information that pertains to the fabrication processes or to techniques of construction. |
| ☐ NO EXCEPTIONS TAKEN<br>☐ MAKE CORRECTIONS NOTED<br>   RESUBMITTAL NOT REQUIRED<br>☒ AMEND AND RESUBMIT<br>☐ REJECTED -- SEE MARKS |
| **PB AMERICAS, INC.**<br><br>BY: _Ramon W. Ocum_<br>DATE: _JUNE 14, 2012_ |

Mr. Carmen Cipriano, Allen A Myers, Inc.
EEI Project No. 24608.00
Governor Printz Interceptors, Supplemental Instrumentation & Monitoring for Gas Lines
May 31, 2012
Page 2

day; morning, mid-day and end of shift.  The monitoring log should include a description of the Work being performed at the time of monitoring.

### Action Levels

Work will cease if the maximum ½in alert threshold established by Parsons (but disputed by AAM) is reached on either of the two monitoring points unless Parson's provides a less conservative criteria upon review of this submittal.   If a Level 2 threshold is reached, AAM will perform careful excavation adjacent to the monitoring devices for inspection and evaluation and a recommendation will be developed based on the findings of this investigation.

Should the results of monitoring show no disturbance of the gas lines or supporting soils, it is recommended that direct monitoring of the gas pipes continue but at a frequency of 100ft centers. The deep settlement markers would no longer be considered necessary.

EEI appreciates the opportunity to be of service to Allen A Myers, Inc. on this project.  If additional information is required or there are questions regarding the contents discussed herein, please contact the undersigned.

Sincerely,

*Earth Engineering Incorporated*

James A. McKelvey, III, R.E., D.GE
Director, Geotechnical Design Division

Attachments

ALLAN A. MYERS
GOV.PRINTZ INTERCEPTOR
CONTRACT 2010-01
REFERENCED SPEC. 02140
REVIEWED BY. *CDC*
*Supplement to TRN 121*

RECEIVED MAY 3 1 2012

| SUBMITTAL REVIEW |
|---|
| Review is only for general conformity to the contract drawings and specifications and shall not relieve the contractor of his entire responsibility under the contract, including among other things, dimensions to be conformed and correlated at the job site, and information that pertains to the fabrication processes or to techniques of construction. |

☐ NO EXCEPTIONS TAKEN
☐ MAKE CORRECTIONS NOTED
    RESUBMITTAL NOT REQUIRED
☒ AMEND AND RESUBMIT
☐ REJECTED – SEE MARKS

**PB AMERICAS, INC.**

BY: *Rocco W. Ocums*

DATE: JUNE 14, 2012



| SUBMITTAL REVIEW |
|---|
| Review is only for general conformity to the contract drawings and specifications and shall not relieve the contractor of his entire responsibility under the contract, including among other things, dimensions to be conformed and correlated at the job site, and information that pertains to the fabrication processes or to techniques of construction. |
| ☐ NO EXCEPTIONS TAKEN<br>☐ MAKE CORRECTIONS NOTED<br>    RESUBMITTAL NOT REQUIRED<br>☒ AMEND AND RESUBMIT<br>☐ REJECTED – SEE MARKS |
| **PB AMERICAS, INC.**<br><br>BY: _Ronno W. Ocumb_<br>DATE: _JUNE 14, 2012_ |



TOP OF EXISTING GROUND SURFACE

SURFACE ROADWAY BOX WITH LID

6" TO 9"

CEMENT GROUT

OUTER WOODEN BOX

FILTER SAND

STEEL PLATE

6" TO 9"

A          A'

1.5" I.D. PVC PIPE

1.25" O.D. CENTRAL ROD

4" I.D. PVC PIPE

6" TO 9"

6" DIAMETER GAS PIPE

ALLAN A. MYERS
GOV. PRINTZ INTERCEPTOR
CONTRACT 2010-01
REFERENCED SPEC. 02140
REVIEWED BY. CMC
Supplement To TRN 121

9" TO 12" EMBEDMENT INTO EXISTING SOIL
(DRIVEN INTO THE SOIL)

ELEVATION

8"

STEEL PLATE

8"

2.06" D. HOLE

SECTION A—A'

FIGURE 2

**DEEP SETTLEMENT MARKER**

PREPARED FOR

GOVERNOR PRINTZ INTECEPTORS

NEW CASTLE COUNTY  DELAWARE

**EARTH ENGINEERING INCORPORATED**
Geotechnical Engineers & Geologists

115 W. Germantown Pike
East Norriton, PA 18401
(610)277-0880
FAX (610)277-0878
www.earthengineering.com

| Scale: | Date: | Drawn By: | Checked By: |
|---|---|---|---|
| N.T.S. | 5/30/2012 | MK | JAM |
| Drawing Number: | | Approved By: | Sheet No. |
| 24608.00–A–102 | | JAM | 2 OF 2 |

RECEIVED MAY 31 2012

| SUBMITTAL REVIEW |
|---|
| Review is only for general conformity to the contract drawings and specifications and shall not relieve the contractor of his entire responsibility under the contract, including among other things, dimensions to be conformed and correlated at the job site, and information that pertains to the fabrication processes or to techniques of construction. |

☐ NO EXCEPTIONS TAKEN
☐ MAKE CORRECTIONS NOTED
    RESUBMITTAL NOT REQUIRED
☒ AMEND AND RESUBMIT
☐ REJECTED – SEE MARKS

**PB AMERICAS, INC.**

BY: _Robert W. Ocums_

DATE: _JUNE 14, 2012_



RECEIVED MAY 31 2012

| SUBMITTAL REVIEW |
| --- |
| Review is only for general conformity to the contract drawings and specifications and shall not relieve the contractor of his entire responsibility under the contract, including among other things, dimensions to be conformed and correlated at the job site, and information that pertains to the fabrication processes or to techniques of construction. |

☐ NO EXCEPTIONS TAKEN
☐ MAKE CORRECTIONS NOTED
   RESUBMITTAL NOT REQUIRED
☒ AMEND AND RESUBMIT
☐ REJECTED – SEE MARKS

**PB AMERICAS, INC.**

BY: _Rollow. Ocwm_
DATE: _JUNE 14, 2012_