

Scott T. Earle, Esquire
Attorney-at-Law

Nemours Building, Suite 1130
1007 North Orange Street
Wilmington, DE 19801

T: 302.425.5089 | F: 302.425-5097
Searle@cohenseglias.com

www.cohenseglias.com

March 15, 2013

**VIA E-FILING**

The Honorable Leonard P. Stark
United States District Court
  for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26
Wilmington, DE 19801-3555

      *Re:*    *Allan A. Myers, LP v. New Castle County*
            *USDC-District of Delaware; Civil Action No.: 1:12-cv-01038*
            *<u>JOINT INTERIM STATUS REPORT</u>*

Dear Judge Stark:

      Pursuant to the Court's Scheduling Order of November 27, 2012, the following is a Joint Interim Status Report submitted on behalf of Plaintiff, Allan A. Myers, LP ("AAM"), and Defendant, New Castle County ("NCC"), in regard to the above matter.

**I.**    **NATURE OF MATTERS IN DISPUTE**

      **A.**    **Background**

      AAM entered into a contract with NCC for the replacement of a sanitary sewer inceptor through the installation of large diameter gravity sanitary sewer inceptor pipe and numerous manholes along Governor Printz Boulevard, north of the Wilmington, Delaware city limits (the "Project").

      Pursuant to the Contract, NCC agreed to pay AAM the sum of Fifteen Million Ninety Thousand Dollars ($15,090,000.00) for the performance of the Work. The Project was to be completed within four hundred twenty-five (425) calendar days, subject to approved Contract time extensions.

The Honorable Leonard P. Stark
March 15, 2013
Page 2

**B.     AAM's Claims**

AAM is alleging that during the course of the Project, its work was affected, increased and delayed due to alleged unforeseen and differing subsurface site conditions, inclement weather conditions and events, errors and omissions in the Contract Documents prepared by NCC, unjustified work stoppages at the direction of NCC, and NCC's failure to timely and reasonably respond to, and resolve, issues and conflicts which arose during the course of the Project. Accordingly, AAM provided formal written notice to NCC of at least nine (9) separate claims for either alleged additional costs, time adjustments due to delays and/or both that allegedly went unanswered, unresolved or were allegedly baselessly denied by NCC. Specifically, AAM's claims are as follows: (1) discovery of arsenic in the work area; (2) inclement weather - impacts resulting from Hurricane Irene; (3) inclement weather – impacts resulting from heavy rains experienced during the months of August and September; (4) the Delmarva electric outage; (5) unanticipated revisions to the Company's Excavation Plan at the direction of NCC; (6) the need for backfill to replace the unsuitable material encountered in the work area; (7) the NCC-directed work shutdown from November 2011 to April 2012; (8) the unanticipated NCC-directed changes to the Company's rock blasting; and (9) the NCC-directed shutdown on April 11, 2012 (collectively referred to hereafter as "Claims for Additional Work").

Unable to resolve its claims with NCC, AAM filed a complaint in federal court on August 15, 2012 seeking:

(1)     damages in excess of Four Million Two Hundred Sixty Thousand Two Hundred Twenty-One Dollars and Seventy-Five Cents ($4,260,221.75), plus interest, costs, attorneys' fees, and any other such damages for the Claims for Additional work;

(2)     a Declaratory Judgment declaring that New Castle County is contractually obligated pursuant to the Contract to provide the Company an extension of the Contract completion date of three hundred fifteen (315) days;

(3)     a Declaratory Judgment declaring that:

(a)     the "Level 1" and "Level 2" threshold criteria for "surface settlement markers" do not apply to flush mount markers;

(b)     the Company is entitled to recover all costs incurred as a result of having to comply with the "Level 1" and "Level 2" threshold criteria for the flush mount markers including, but not limited to, One Million Two Hundred Sixty-Three Thousand Two Hundred Ninety-Seven Dollars and Seven Cents ($1,263,297.07) for the sheeting piles installed, the cost of additional sheeting piles and extended general condition costs due to the delays; and

The Honorable Leonard P. Stark
March 15, 2013
Page 3

        (c)    the Company is entitled to a time extension of two hundred thirty-four (234) days for the number of days when the work on the Project was stopped due to readings of the flush mount markers exceeding the "Level 2" threshold criteria.

(4)    a Declaratory Judgment declaring that:

        (a)    the Company is not required to monitor and prevent vertical movement of no more than 0.5 inch of utility gas pipelines outside the Project limits;

        (b)    the "Level 1" and "Level 2" threshold criteria for "surface settlement markers" do not apply to the utility monitoring points and deep settlement markers;

        (c)    the Company is entitled to recover all costs incurred as a result of having to comply with the "Level 1" and "Level 2" threshold criteria for the utility monitoring points and deep settlement markers including, but not limited to, Fifty-Five Thousand Dollars ($55,000.00) for the installation of the utility monitoring points and deep settlement markers and extended general condition costs due to any delays; and

        (d)    the Company is entitled to a time extension for the number of days the work on the Project is stopped due to readings of the utility monitoring points and deep settlement markers exceeding the "Level 2" threshold criteria.

**C.**    **NCC's Claims**

NCC denies AAM's Claims for Additional Work in their entirety. In addition, NCC filed its Answer and Counterclaim on October 15, 2012. In NCC's Counterclaim, NCC seeks a declaratory judgment declaring: (1) NCC is contractually permitted to withhold liquidated damages in the amount of Two Hundred and Nineteen Thousand Dollars ($219,000.00) from any balance due to the Company under the Contract as of October 15, 2012[1]; and (2) that NCC is contractually permitted to withhold any liquidated damages that accrue after October 15, 2012.

**D.**    **Current Scheduling Order**

A Scheduling Order was issued by the Court on November 27, 2012 setting:

        (a)    Joinder of Other Parties: March 15, 2013
        (b)    Document Production Complete: March 29, 2013[2]
        (c)    Discovery Cut Off: May 30, 2013

---

[1]    This calculation is based on Liquidated Damages of $1,500 per day for One Hundred Forty-Six (146) days, the delay claim NCC asserted in its Counterclaim as of October 15, 2012.

[2]    Extended from February 28, 2013 by stipulation of the parties.

(d) Discovery Limitations: max of 20 requests for admissions; max of 35 interrogatories; 70 hours of deposition testimony per side.
(e) Affirmative Expert Reports: June 15, 2013
(f) Rebuttal Expert Reports: July 15, 2013
(g) Reply Expert Reports: August 15, 2013
(h) Expert Depositions: September 20, 2013
Limit: one (1) per expert no longer than 7 hours
(i) Interim Status Report to the Court: March 15, 2013
(j) Case Dispositive Motions: October 15, 2013
(k) Pre-Trial Conference: February 18, 2014
(l) Trial: March 17, 2014 – two (2) week jury trial

## II. STATUS OF DISCOVERY

Initial Disclosures were exchanged and Document Requests were served upon each other in December 2012. Response to the First Set of both AAM's and NCC's Request for the Production of Documents are due by March 29, 2013 by agreement of the parties. To date, counsel has been working amicably to satisfy each other's document requests.

An Initial ADR teleconference with Magistrate Sherry Fallon took place on February 20, 2013. Counsel for NCC informed the Magistrate that it intended to bring Parsons Brinkerhoff, Inc. (PB America, Inc.) ("PB") into the case by the joinder deadline of March 15, 2013. Accordingly, the parties discussed revising the current scheduling order with the Magistrate, who decided that the ADR conference should be adjourned until PB is joined and can participate in the conference.

## III. JOINDER OF ADDITIONAL PARTIES AND NEED FOR A REVISED SCHEDULING ORDER.

On March 15, 2013, NCC filed an unopposed motion for leave to file a third-party compliant against PB for numerous alleged violations of its contractual agreements with NCC with regard to the Project. If the Court grants NCC's motion and allows NCC to bring in PB as a third-party, then certain of the discovery deadlines will need to be extended. However, NCC does not anticipate any need to disrupt the trial or pre-trial conference dates.

## IV. REQUEST FOR SCHEDULING CONFERENCE DUE TO JOINDER OF ADDITIONAL PARTY

As noted above, on March 15, 2013, NCC filed an unopposed motion for leave to file a third-party complaint against PB for numerous alleged violations of its contractual agreements with NCC with regard to the Project. As such, and if the Court grants NCC's motion, NCC respectfully requests a date for a scheduling conference, so that PB will have a fair opportunity to give its input regarding any revised scheduling order(s) that the Court may see fit to issue.

The Honorable Leonard P. Stark
March 15, 2013
Page 5

 

This letter was prepared jointly by counsel for Plaintiff, AAM and Defendant, NCC. As counsel for AAM, we are filing this letter on behalf of both AAM and NCC with the full consent of NCC's counsel, Patrick Kingsely and Benjamin Gordon.

                                      Respectfully submitted,

                                      COHEN, SEGLIAS, PALLAS, GREENHALL
                                      & FURMAN, P.C.

                                      Scott T. Earle, Esquire (Bar I.D. No. 4541)

cc:    Jeffrey Brydzinski, Esq.
        Antranig N. Garibian, Esq.
        Benjamin E. Gordon, Esq.
        Patrick R. Kingsley, Esq.
        George E. Pallas, Esq.

JB/pr:cbs